UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INSURED ADVOCACY GROUP, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> TARP SOLUTIONS, LLC, et al., <br><br> Defendants. | 24-CV-1560 (PAE) (RFT) <br><br> **ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

The Honorable Paul A. Engelmayer has referred to me a request to calculate damages, if any, to Plaintiff Insured Advocacy Group, LLC caused by the breach of contract and conversion by Defendants Tarp Solutions, LLC ("Tarp") and Christian Santana (together, the "Defaulting Defendants"). (*See* ECF 31.) Plaintiff has supported its claimed damages with: Plaintiff's motion for default judgment against the Defaulting Defendants (ECF 29); the Complaint (ECF 1; ECF 29-1); the proposed findings of facts and conclusions of law ("Proposed Findings") (ECF 36-1); the affidavit from Wilfredo Navarro regarding amounts owed ("Navarro Aff.") (ECF 36-2); and the affirmation from Maurice J. Baumgarten regarding prejudgment interest, attorneys' fees and costs ("Baumgarten Aff.") (ECF 36-3). For the reasons set forth below, and as provided herein, Plaintiff is directed to supplement its submissions in support of its claimed damages.

**Background**

Plaintiff commenced this action to recover damages for breach of contract and conversion against the Defaulting Defendants. (ECF 30, Order of Default Judgment.) On February 26, 2025, the Honorable Paul A. Engelmayer granted Plaintiff's motion for default

judgment against the Defaulting Defendants. (*Id.*) That same day, Judge Engelmayer referred this matter to me to conduct an inquest to determine appropriate damages. (ECF 31, Order of Reference.) On March 4, 2025, I directed Plaintiff to file any submissions, or to identify any prior submissions, in support of the information I believed necessary to perform a calculation on Plaintiff's damages. (*See* ECF 32, Order.)

On March 7, 2025, Plaintiff filed a letter identifying prior submissions that it intended to rely on. (*See* ECF 33, Letter.) On March 27, 2025, Plaintiff filed its additional submissions in support of its claim for damages. (*See* ECF 36-1, Proposed Findings; ECF 36-2, Navarro Aff.; ECF 36-3, Baumgarten Aff.)

I have reviewed Plaintiff's submissions and determined that they do not contain all the information necessary to support Plaintiff's claimed damages.

## Legal Standard

After granting default judgment, the Court must conduct an inquiry on the amount of damages. *See Am. Jewish Comm. v. Berman*, No. 15-CV-5983 (LAK) (JLC), 2016 WL 3365313, at *3 (S.D.N.Y. June 15, 2016), *report and recommendation adopted*, 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016). Plaintiff "bears the burden of establishing [its] entitlement to recovery and thus must substantiate [its] claim with evidence to prove the extent of damages." *Dunn v. Advanced Credit Recovery Inc.*, No. 11-CV-4023 (PAE) (JLC), 2012 WL 676350, at *2 (S.D.N.Y. Mar. 1, 2012), *report and recommendation adopted*, 2012 WL 1114335 (S.D.N.Y. Apr. 3, 2012). Plaintiff's evidence in support of damages must allow the Court to "ascertain the amount of damages

with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

## **Deficiencies in Plaintiff's Submissions**

Purchase Price. Plaintiff states that Tarp owes it $152,949.86 (the "Amount Due"), exclusive of interest, costs and attorney's fees. (ECF 36-1, Proposed Findings ¶ 39; ECF 36-2, Navarro Aff. ¶ 6.) The Amount Due is calculated by subtracting from the "Hurdle Amount" any amounts that Plaintiff previously collected from the balances on the accounts. (ECF 36-2, Navarro Aff. ¶ 7.) The Hurdle Amount is calculated by adding together the "Purchase Price" and the "Factor Fee." (*Id.* ¶ 8.)

The Purchase Price is "the amount [Plaintiff] paid" to purchase accounts from Tarp, which is set forth in the contract addenda that Plaintiff submitted. (*Id.*) According to the addenda, the total Purchase Price for the thirteen accounts, which form the basis for Plaintiff's requested damages, is $118,782.01. (*See id.* at 7, 17, 29, 37.) However, the addenda indicate that the total "Cash to Seller" (i.e., cash to Tarp) is $118,692.01, which is less than the Purchase Price. (*See id.* at 4, 7, 14, 17-25, 29, 37.)

Furthermore, Plaintiff provides evidence of payment to Tarp for the accounts in the form of three bank statement. (*See id.* at 8-13, 18-25, 30-35.) However, two of the bank statements are almost entirely redacted and do not indicate the amount Plaintiff paid to Tarp. The one statement that does indicate an amount paid, shows that Plaintiff paid Tarp $40,533.01, which is less than the total Purchase Price for the corresponding accounts. (*See id.* at 14-25.)

<u>Factor Fee</u>. The Factor Fee is set forth in the contract addenda that Plaintiff submitted. (*Id.* ¶ 8.) According to the addenda, the Factor Fee is "20.00%" of "Adjusted Portfolio Receivable." (*Id.* at 4, 14, 26.) However, "Adjusted Portfolio Receivable" is not defined in Plaintiff's submissions. I cannot ascertain what calculations were performed by Plaintiff to arrive at its figures for the Factor Fee for each account.

<u>Interest</u>. Plaintiff states that Tarp owes interest on the Amount Due, at an annual rate of 7.75%, from November 10, 2023 through March 31, 2025, for a total of $16,510.39. (ECF 36-1, Proposed Findings ¶ 39; ECF 36-3, Baumgarten Aff. ¶ 3.) The annual interest rate of 7.75% is under "the applicable Texas law." (ECF 36-1, Proposed Findings ¶ 39; ECF 36-3, Baumgarten Aff. ¶ 3.) However, Plaintiff does not identify the specific provisions of Texas law that establishes an annual interest rate of 7.75% to be applied to the Amount Due.

<u>Attorneys' Fees</u>. Plaintiff requests $14,650.00 in attorneys' fees for the legal services Plaintiff's counsel provided in this matter. (ECF 36-1, Proposed Findings ¶ 39; ECF 36-3, Baumgarten Aff. ¶ 5.) In support of this request, Plaintiff provides billing statements for such legal services; however, the total amount billed by Plaintiff's counsel in these billing statements is less than Plaintiff's requested amount of $14,650.00. (*See* ECF 36-3, Baumgarten Aff. at 3-39.)

## **Order To Supplement**

Plaintiff has thus far failed to demonstrate the entire amount of its claimed damages with reasonable certainty. Since Plaintiff has submitted documentation, and the flaw may be in a failure to explain that documentation, in the interest of justice, I will afford Plaintiff another

opportunity to explain the calculation for its requested damages and to provide all underlying materials necessary for me to be able to understand and duplicate Plaintiff's calculations.

Accordingly, it is ORDERED that:

1. No later than **July 7, 2025**, Plaintiff shall make a supplemental submission in further support of its claimed damages. This submission should contain explanations that are sufficient for me to determine, to a reasonable certainty, the extent of Plaintiff's damages. Where supporting documentation is unavailable or does not exist, or where Plaintiff has relied on reasoned estimates, Plaintiff should explain this in its supplemental submission. In its supplemental submission, Plaintiff is specifically directed to explain, by way of an affidavit from a person(s) with knowledge of the underlying facts:

    a. Why the Purchase Price for the accounts Plaintiff purchased from Tarp is different from the amount of cash Plaintiff sent to Tarp in connection with the transaction (*see* ECF 36-2, Navarro Aff. at 4, 7, 14, 17-25, 29, 37);

    b. Whether there is further evidence of Plaintiff's payments to Tarp to purchase the accounts, which are not already reflected by Plaintiff's submissions (*see id.* at 8-13, 18-25, 30-35);

    c. The numerical formula Plaintiff relied upon to calculate the Factor Fee and the components of that formula, including the "Adjusted Portfolio Receivable" (*see id.* ¶¶ 7-8; *id.* at 4, 14, 26);

    d. The specific provision(s) of Texas law that establishes an annual interest rate of 7.75% to be applied to the Amount Due (*see* ECF 36-3, Baumgarten Aff. ¶ 3);

    e. Any additional billing statements that would demonstrate that Plaintiff's counsel billed Plaintiff in the total amount of $14,650.00 for legal services Plaintiff's counsel performed in this matter (*see id.* ¶ 5).

2. Plaintiff must serve the Defaulting Defendants with its supplemental submission, together with a copy of this Order, by **July 8, 2025**, and Plaintiff must file the docket proof of such service no later than **July 8, 2025**.

3. The Defaulting Defendants shall submit their responses, if any, to Plaintiff's supplemental submission no later than one week after Plaintiff serves them with Plaintiff's supplemental submission.

DATED: June 18, 2025
         New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge