UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INSURED ADVOCACY GROUP, LLC,

Plaintiff,

-v-

TARP SOLUTIONS, LLC *and* CHRISTIAN SANTANA,

Defendants.

24 Civ. 1560 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On February 29, 2024, plaintiff Insured Advocacy Group, LLC ("IAG") brought this contract-breach action against Tarp Solutions, LLC ("Tarp") and its sole member, Christian Santana. Dkt. 1 ("Compl.").[1] On February 26, 2025, this Court granted IAG's motion for a default judgment, finding that proof of service had been filed, defendants had not answered the complaint, the time for an answer had expired, and defendants had failed to appear. Dkt. 30. The Court referred the action to the Honorable Robyn F. Tarnofsky, United States Magistrate Judge, for an inquest on damages. Dkt. 31.

[1] The complaint also brought claims for conversion, imposition of constructive trust, and accounting. Compl. ¶¶ 26–39. However, in the motion for default judgment and its proposed findings of fact and conclusions of law, plaintiff referred only to the breach of contract claim and sought damages based on that claim only. Dkts. 29, 36, 38, 39. The Court treats those other claims, which appear in any event to have sought no more than coterminous damages with the contract-breach claim, as waived. *Esquival v. Lima Rest. Corp.*, No. 20 Civ. 2914, 2023 WL 6338666, at *8 (E.D.N.Y. Sep. 29, 2023) ("Because Plaintiff does not pursue the unlawful deduction from tips claim in the instant motion for default judgment it is waived."); *Cortez v. Band Name 99 Cents & Up Corp.*, No. 24 Civ. 5262, 2025 WL 1251297, at *3 n.5 (S.D.N.Y. Apr. 30, 2025) (same); *Romeo & Juliette Laser Hair Removal, Inc. v. Assara LLC*, 2014 WL 4723299, at *7 (S.D.N.Y. Sep. 23, 2014) ("A plaintiff abandons a claim where (s)he raises it in the complaint but remains silent on the issue elsewhere in the record.").

Before the Court is Judge Tarnofsky's Report and Recommendation, to which no objections have been received. The Report recommends that IAG be awarded (1) damages in the amount of $152,949.86; (2) prejudgment interest at the annual rate of 5% from February 29, 2024, through the date that judgment is entered, to be calculated by the Clerk of Court; (3) attorneys' fees in the amount of $15,1600; and (4) costs in the amount of $825. Dkt. 42 ("Report"). The Court incorporates by reference the summary of the facts in the Report. For the following reasons, the Court adopts the Report's recommendation.

**DISCUSSION**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Tarnofsky's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen days will result in a waiver of objections and will preclude appellate review," *see* Report at 33, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

**CONCLUSION**

For the foregoing reasons, the Court awards plaintiff $152,949.86 in damages, prejudgment interest at the annual rate of 5% from February 29, 2024, through September 17, 2026, to be calculated by the Clerk of Court; attorneys' fees in the amount of $15,160; and costs in the amount of $825. The Court respectfully directs the Clerk to enter judgment accordingly and to close this case.

SO ORDERED.

Paul A. Engelmayer

Paul A. Engelmayer
United States District Judge

Dated: September 18, 2026
New York, New York